# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:09cv45

| | |
|---|---|
| COUNTY OF JACKSON, a body politic) and corporate created and existing under the laws of North Carolina,  )<br><br>Plaintiff,  )<br><br>vs.  )<br><br>DUKE ENERGY CAROLINAS, L.L.C., ) a limited liability company organized ) and existing under the laws of North ) Carolina, and THE BANK OF NEW ) YORK MELLON TRUST COMPANY, ) N.A., as Successor Trustee,  )<br><br>Defendants.  ) | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte* to require certain clarifications.

On August 18, 2009, the Defendant Duke Energy Carolinas, L.L.C. (Duke Energy) filed a Notice of Removal. [Doc. 1]. Duke Energy, which had not yet been served as of the filing of its Notice, seeks to remove an

action filed in state court on August 17, 2009.[1]  In that action, Jackson County (County) asserts a claim for condemnation of real property owned by Duke Energy known as the Dillsboro Dam and Powerhouse.  It is alleged in the Complaint as well as in the Notice of Removal that the Federal Energy Regulatory Commission (FERC) has issued an order approving Duke Energy's surrender of its license for the Dillsboro Dam and Powerhouse and has set forth a schedule for the demolition of the structures.

In order to remove an action to federal court, all defendants must consent to the removal.  Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613, 620, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002), *citing* Chicago, R.I. & P.R.Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900).  The notice does not contain an allegation that the Bank of New York Mellon Trust Company, N.A. (Mellon) has consented.  The Court will require the parties to address this issue.

---

[1] Counsel for Duke Energy has received a courtesy copy of the complaint and process has issued. [Doc. 1].  It is expected that by the time this Order is entered, service will have been accomplished.  The Court does not anticipate any issue as to whether Duke Energy improperly removed prior to being served.  See, *e.g.*, Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000), *certiorari denied* 532 U.S. 972, 121 S.Ct. 1603, 149 L.Ed.2d 470 (2001) (the action against a defendant must have been commenced but the defendant need not have been served);  North v. Precision Airmotive Corp., 600 F.Supp.2d 1263 (M.D.Fla. 2009) (an unserved defendant in receipt of the complaint may remove prior to service pursuant to 28 U.S.C. §1446(b)).

Duke Energy advises that a motion for a temporary restraining order contained within the body of the state court complaint was pending at the time of removal. Duke Energy has filed the affidavit of Jeffrey Lineberger opposing the state court motion for a temporary restraining order. [Doc. 2]. In that affidavit, Mr. Lineberger discloses that Jackson County has filed a petition for judicial review of the rulings of FERC which is pending in the United States Court of Appeals for the District of Columbia Circuit. It would appear that administrative remedies available to Jackson County have not been exhausted and thus it is questionable as to whether there is jurisdiction in this Court. The Court will required the parties to address this issue.

Finally, in his affidavit Mr. Lineberger also states that no portion of the removal project is scheduled to begin until January 2010. For this reason there is no reason for any hearing on the motions for temporary restraining order and/or preliminary injunction as are set out in the Complaint. This was confirmed by all counsel by telephone to chambers staff. The motions for such interim relief will, therefore, be denied without prejudice. Plaintiff may re-file such motions for temporary restraining order or preliminary injunction as may be necessary.

**IT IS, THEREFORE, ORDERED** that the motion for temporary restraining order and preliminary injunction set out in the Complaint is denied as moot, without prejudice.

**IT IS FURTHER ORDERED** that on or before fifteen (15) days from entry of this Order, the parties shall address the issues raised in this Order by written response not to exceed five pages.

Signed: September 2, 2009

Martin Reidinger
United States District Judge