**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION**

**CIVIL CASE NO. 2:09cv45**

| | |
|---|---|
| **COUNTY OF JACKSON**, a body politic and corporate created and existing under the laws of North Carolina, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**DUKE ENERGY CAROLINAS, LLC**, a limited liability company organized and existing under the laws of North Carolina, and **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.**, as Successor Trustee, )<br>)<br>)<br>)<br>)<br>Defendants. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the following pleadings:

1. Duke Energy Carolinas' (Duke) (1) Motion to Dismiss all Claims by Jackson County (County) for Lack of Subject Matter Jurisdiction; and (2) Motion for Summary Judgment with Respect to its First Claim for Relief (Declaratory Judgment) [Doc. 7];

2. County of Jackson's Response to Duke's (1) Motion to Dismiss all Claims by Jackson County (County) for Lack of Subject Matter Jurisdiction; and (2) Motion for Summary Judgment with Respect to its First Claim for Relief (Declaratory Judgment) [Doc. 19];

3. Duke Energy Carolinas' Reply Brief in Support of (1) Motion to Dismiss all Claims by Jackson County (County) for Lack of Subject Matter Jurisdiction; and (2) Motion for Summary Judgment with Respect to its First Claim for Relief (Declaratory Judgment) [Doc. 24];

4. Plaintiff's Motion to Remand [Doc. 11];

5. Duke Energy Carolinas' Memorandum of Law in Opposition to Plaintiff's Motion to Remand [Doc. 17];

6. The Bank of New York Mellon Trust Company, N.A.'s (Bank) Memorandum of Law in Opposition to Plaintiff's Motion to Remand [Doc. 18];

7. County of Jackson's Reply to Duke's Response to Motion to Remand [Doc. 21]; and

8. County of Jackson's Reply to The Bank of New York Mellon Trust Company's Response to Motion to Remand [Doc. 23].

In connection with these pleadings, the parties have thus far filed four hundred seventy-four (474) pages in support of and opposition to the various positions. At the same time as the filings accumulated, each side urged the need for immediate attention to the matter. The sheer volume and maddening redundancy of the parties' filings and arguments, however, make immediate disposition of these motions all but impossible. As a result of the parties' actions, the Court will impose a requirement that no further filings be made in the cause related to the pending matters absent prior permission from the Court. 28 U.S.C. §1651. Such permission should not be lightly sought.

**IT IS, THEREFORE, ORDERED** that the parties are hereby **PROHIBITED** from making any further filings in connection with the pending matters absent prior permission from the Court.

Signed: October 24, 2009

Martin Reidinger
United States District Judge