# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:09cv45

| | |
|---|---|
| COUNTY OF JACKSON, a body politic and corporate created and existing under the laws of North Carolina,<br><br>    Plaintiff,<br><br>    vs.<br><br>DUKE ENERGY CAROLINAS, LLC, a limited liability company organized and existing under the laws of North Carolina, and THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., as Successor Trustee,<br><br>    Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on Duke Energy Carolinas' (Duke) Motion to Reconsider in Part [Doc. 28] and the County of Jackson's Motion for Guidance regarding Duke's Motion to Reconsider and Supporting Brief [Doc. 30].

## PROCEDURAL HISTORY

On August 17, 2009, the County filed this action in Jackson County Superior Court. [Doc. 1]. The following day Duke removed this action to this Court. [Id.]. In the Complaint, the County asked for a declaratory judgment that it may exercise the power of eminent domain to condemn the Dillsboro Dam and Powerhouse parcel owned by Duke and also sought condemnation thereof. [Doc. 1-2, at 2]. The dispute stems from Duke's surrender of the license to operate the Dillsboro Hydroelectric Project (Project) and the decision of the Federal Energy Regulatory Commission (FERC) that Duke should demolish the dam and powerhouse. The FERC ruling conflicts with the County's desire to take over the existing buildings. The surrender process ordered by FERC has not been completed and the parties acknowledge that the Project remains under the supervision of FERC. [Doc. 32-1].

In the Notice of Removal, Duke asserted federal question jurisdiction pursuant to the Federal Power Act (FPA), 16 U.S.C. §§791, *et. seq.*, which, it argued, preempts state and local condemnation law concerning hydroelectric licensing. After removal, Duke filed a counterclaim for a declaratory judgment that the County does not have the authority to condemn the property at issue or to interfere with the demolition and removal of the

2

hydroelectric project. [Doc. 6].

Approximately one week later, Duke moved to dismiss the County's claims and for summary judgment on its counterclaim. [Doc. 7]. The County timely moved to remand the action to state court. [Doc. 11]. The parties have acknowledged that the County had a petition for judicial review of FERC rulings pending with the District of Columbia Circuit Court of Appeals; and, as a result of that pending proceeding, the parties conceded that this Court has no subject matter jurisdiction over the County's declaratory judgment and condemnation claims. [Doc. 9, Doc. 13]. Despite the concession that this Court has no subject matter jurisdiction over the County's request for a declaratory judgment, Duke persisted in its position that its counterclaim for declaratory judgment could be heard in this Court.

Due to the voluminous filings of the parties, the Court prohibited them from making any further filings in connection with the pending motions absent prior permission from the Court. [Doc. 25]. On November 4, 2009, the Court remanded this action to state court for lack of subject matter jurisdiction, citing 16 U.S.C. §825l(b).[1] [Doc. 27]. The docket for the case shows that the Clerk

---

[1] By remanding, the Court concluded it had no jurisdiction to dismiss the County's claims, as urged by Duke. Duke now concedes this was the appropriate disposition. [Doc. 28, at 1-2].

3

of Court was prepared to mail the Order of Remand on November 18, 2009 until a telephone call was received by the Clerk. The docket reflects "We received a phone call from an attorney therefore we are not mailing this today. Will hold." On November 19, 2009, without obtaining prior permission from the Court, Duke filed the pending motion.[2] In a footnote, Duke states that it was not required to obtain prior permission because the Court's ruling on the matters rendered them no longer pending. [Doc. 28, at 1 n.1]. Duke further noted that if the Court "disagreed" with its position, it sought permission to file the motion. [Id.].

On November 23, 2009, the Clerk of Court mailed by certified mail the Order of Remand which was received by the state court clerk on November 24, 2009. On December 8, 2009, Duke filed, also without prior permission, Notice of Additional Authority. [Doc. 32]. The County, in view of the prior filing prohibition, sought guidance from the Court as to whether a response to the motion for reconsideration was required. [Doc. 30].

---

[2] In its motion, Duke claims that "there is no action in state court until the Clerk of Court mails a certified Copy of the Order[.]" [Doc. 28, at 3 n.2]. The Court takes note of the timing of the telephone call to the Clerk of Court and Duke's position in this motion.

**DISCUSSION**

For the reasons set forth in this Order, the Court may not reconsider its ruling. It is therefore unnecessary to address the issue of whether Duke should have obtained permission prior to filing the motion to reconsider.

Although the previous ruling is not reconsidered, the Court does find that a subsequent ruling by FERC, placed in the record by Duke [Doc. 32-1], exposes Duke's motion as a transparent attempt to transform the Order of Remand into an appealable order. See, 28 U.S.C. §1447(d).

As noted in the Order, Duke had an application pending before FERC to amend its Project license to expand the boundary to eleven additional acres. [Doc. 27; Doc. 32-1]. The County intervened in this proceeding as well. [Doc. 32-1, at 4-5]. On December 2, 2009, FERC issued its decision on that application, a decision which contains a discussion of the County's state court condemnation action, the same action which Duke attempted to remove to this Court. [Id., at 3 (noting that Duke filed a copy of the complaint in the condemnation action in the proceeding before FERC)]. FERC made the following holdings:

> Jackson County asserts that its condemnation action is not intended "to interfere with [Duke's proceedings to remove the dam]." ... Jackson County's state court complaint specifically asks the court to enjoin Duke from demolishing the dam and

> powerhouse. ... [The County] is clearly attempting to block the removal of project works, which we have ordered Duke to undertake. It is undisputed that the Federal Power Act is a "complete scheme of national regulation ..." and that it preempts conflicting state and local law. An attempt by a ... subdivision of a state to condemn project lands, works or facilities in order to build a park is clearly preempted. *Moreover, section [825l(b)] of the Act provides that the exclusive forum for review of the Commission's order lies in the United States courts of appeals. Jackson County has filed an appeal of our surrender orders with the Court of Appeals for the District of Columbia Circuit.* The county's effort to undercut the Commission's exclusive jurisdiction and to circumvent the *Congressionally-mandated judicial review process in order to overturn our orders through state court proceedings is inappropriate*.

[Doc. 32-1, at 9] (emphasis provided).

Against this backdrop, Duke argues it has no procedural mechanism by which to obtain relief from the District of Columbia Circuit or any other court of appeals; that is, Duke claims the Court of Appeals cannot declare that the County must abide by the FPA and refrain from interfering with FERC orders. [Doc. 29, at 6]. Contrary to Duke's statement, FERC addressed the issue of condemnation, pronounced it unavailable to the County and ruled that the County could not circumvent the judicial review process prescribed in 16 U.S.C. §825l(b) by resort to state court. That statute provides that the only courts with jurisdiction to rule on such a declaration by FERC are the Fourth Circuit or District of Columbia Circuit Courts of Appeals. The statute does not

6

include district courts as courts with jurisdiction over such disputes. Hunter v. F.E.R.C., 2009 WL 3416264 (D.C.Cir. 2009), *quoting* Telecommunications Research and Action Center v. F.C.C., 750 F.2d 70, 75 (D.C.Cir. 1984) ("[W]here a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the *exclusive* review of the Court of Appeals.").

The Fourth Circuit has clearly stated that a district court exceeds its jurisdiction when it reconsiders a remand order.

> A federal statute governs this question, 28 U.S.C. §1447(c) and (d)[.]. Subsection (c) provides in pertinent part:
>
>> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*. ... A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.
>
> Subsection (d) provides the bar to reviewing such remand orders:
>
>> An order remanding a case to the State court from which it was removed is *not reviewable* on appeal *or otherwise*... .
>
> Indisputably, "otherwise" in §1447(d) includes reconsideration by the district court.

In re Lowe, 102 F.3d 731, 734 (4th Cir. 1996) (emphasis provided), *quoting*, Three J Farms, Inc. v. Alton Box Bd. Co., 609 F.2d 112, 115 (4th Cir. 1979),

*certiorari denied* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980) ("Unquestionably, the statute not only forecloses appellate review, but also bars reconsideration of [a remand] order by the district court.") (other citations omitted); 16 Moore's Federal Practice Third Edition, §107.42 (2009) ("This language has been universally construed to preclude not only appellate review but also reconsideration by the district court.").

In a footnote, Duke commented, without citing any authority, that the Order of Remand was not effective until the Clerk of Court mailed the Order by certified mail to the state court. [Doc. 28, at 3 n.2]. Implicit in this comment is Duke's position that because it filed its motion to reconsider before the Clerk actually mailed the Order, this Court may consider it. This, however, is not supported by the law. The Fourth Circuit in In re Lowe also held:

> "Logic ... indicates that it should be the action of the court (entering an order of remand) rather than the action of a clerk (mailing a certified copy of the order) that should determine the vesting of jurisdiction." To hold otherwise would impermissibly elevate substance over form. One party should not arbitrarily receive a second opportunity to make its arguments due to a clerical error. In sum, the plain language of the statute, the policy behind it, and logic all support the conclusion that §1447 divests a district court of jurisdiction upon the entry of its remand order.
>
> ...
> Accordingly, we hold that a federal court loses jurisdiction over a case as soon as its order to remand the case is entered. From that point on, it cannot reconsider its ruling even if the district court

clerk fails to mail to the state court a certified copy of the remand order.

In re Lowe, 102 F.3d at 735-36 (citations omitted); *accord*, In re Taylor, 232 F.3d 890 (4th Cir. 2000).

This Court remanded the action to state court because, pursuant to 16 U.S.C. §825l(b), it does not have subject matter jurisdiction. As a result, the Court does not have jurisdiction to reconsider its ruling.

## ORDER

**IT IS, THEREFORE, ORDERED** that Duke Energy Carolinas' Motion to Reconsider in Part [Doc. 28] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the County of Jackson's Motion for Guidance regarding Duke's Motion to Reconsider and Supporting Brief [Doc. 30] is hereby **DENIED** as moot.

Signed: January 14, 2010

Martin Reidinger
United States District Judge